**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000354
29-JUN-2022
07:52 AM
Dkt. 90 SO**

NO. CAAP-21-0000354

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee, v.
JACOB JOHN LOKAHI CARREIRA, also known as
Jacob J. Carreira, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CPC-19-0000333)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, and Wadsworth and McCullen, JJ.)

Defendant-Appellant Jacob John Lokahi Carreira, also known as Jacob J. Carreira (**Carreira**), appeals from the May 19, 2021 Judgment; Conviction and Sentence; Notice of Entry, and the May 25, 2021 Amended Judgment; Conviction and Sentence; Notice of Entry, both entered in the Circuit Court of the Second Circuit (**Circuit Court**).[1]  For the reasons explained below, we affirm.

On May 21, 2019, Plaintiff-Appellee State of Hawaiʻi (**State**) charged Carreira via Felony Information with one count of Unauthorized Entry in a Dwelling in the First Degree, in violation of Hawaii Revised Statutes (**HRS**) § 708-812.55(1)(a)[2]

---

[1]  The Honorable Rhonda I.L. Loo presided.

[2]  At the time, HRS § 708-812.55(1)(a) (2014) provided:

> **Unauthorized entry in a dwelling in the first degree.**
> (1) A person commits the offense of unauthorized entry in a dwelling in the first degree if the person intentionally or knowingly enters unlawfully into a dwelling and another person was, at the time of the entry, lawfully present in the dwelling who:
>
> (a)   Was sixty-two years of age or older[.]

(**Count 1**) and one count of Habitual Property Crime, in violation of HRS § 708-803 (**Count 2**).

On December 23, 2020, Carreira entered a no contest plea as to Count 1, pursuant to a plea agreement with the State. Under the plea agreement, the State agreed to dismiss Count 2. The plea agreement further provided, among other things, that Carreira would serve a period of probation for four years, with credit for time served, and Carreira would enter into and complete a treatment program at Habilitat. Carreira acknowledged in his signed no contest plea, "I know that the court is not required to follow any deal or agreement between the government and me[,]" and "I understand that the court may impose . . . the maximum term of imprisonment" for the offense to which he pled.

Following a change of plea colloquy, the Circuit Court accepted Carreira's no contest plea and found him guilty on Count 1. The Circuit Court set sentencing for April 14, 2021 and ordered a pre-sentence report and investigation.

On April 8, 2021, the presentence diagnosis and report (**PSI**)[3] was filed. On the same date, a notice of electronic filing of the PSI was sent to the parties, including Carreira's counsel.

On April 14, 2021, sentencing was continued to April 23, 2021, so that Carreira could appear in person. Sentencing was subsequently continued to May 19, 2021.

On April 21, 2021, Carreira, through his trial counsel,[4] filed a sentencing memorandum asserting that Carreira should receive a probation sentence, rather than a prison term. The memorandum further stated, "[a]pparently the Probation Department was not aware of the plea deal which had been negotiated because the [PSI] filed herein recommends a prison term."

On May 19, 2021, Carreira appeared in person for the continued sentencing hearing. The Circuit Court provided

---

[3]   "'PSI' is the common acronym for the confidential presentence diagnosis and report prepared by judiciary probation officers pursuant to HRS § 706-602(1) (1993 & Supp. 2012)[.]" State v. Sanney, 141 Hawaiʻi 14, 17 n.4, 404 P.3d 280, 283 n.4 (2017).

[4]   Carreira is represented by new counsel on appeal.

Carreira with three separate opportunities to address the court. He stated, among other things, that he wished to complete the program at Habilitat. The Circuit Court engaged Carreira concerning his criminal history and prior involvement with substance abuse rehabilitation programs - information contained in the PSI. The Circuit Court ultimately declined to adopt the plea agreement and instead sentenced Carreira to, *inter alia*, a ten-year term of imprisonment, with credit for time served.

On appeal, Carreira raises a single point of error: "Carreira was not provided a copy of the PSI nor was he advised by any of his attorneys of the contents of the PSI and his right to submit corrections to the report before going forward with sentencing." Carreira does not contend that his trial counsel was ineffective. Rather, he contends that the Circuit Court "did nothing to establish that [Carreira's] 'substantial right'" to review the PSI "had been complied with[,]" and that this alleged failure "was plain error by the [Circuit] Court." Carreira further agues that "[a]t a bare minimum, the [Circuit] Court should have asked [him] if he wished to controvert or add to the presentence report[,]" and that such an inquiry "would . . . satisfy the intent of the legislature in enacting HRS § 706-604."

Although Carreira failed to raise this issue in the Circuit Court (*e.g.*, at the sentencing hearing), we may notice a trial court's plain error affecting substantial rights. See State v. Miller, 122 Hawaiʻi 92, 100, 223 P.3d 157, 165 (2010) (quoting State v. Sanchez, 82 Hawaiʻi 517, 524-25, 923 P.2d 934, 941-42 (App. 1996)); see also Hawaiʻi Rules of Penal Procedure (**HRPP**) Rule 52(b) ("Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."). We have discretion to correct plain error when the error is not harmless beyond a reasonable doubt. State v. Ui, 142 Hawaiʻi 287, 297, 418 P.3d 628, 638 (2018) (citing State v. Nichols, 111 Hawaiʻi 327, 335, 141 P.3d 974, 982 (2006)).

HRS § 706-604(2) (2014) states:

> The court shall furnish to the defendant or the defendant's counsel and to the prosecuting attorney a copy of the report of any pre-sentence diagnosis or

psychological, psychiatric, or other medical examination and afford fair opportunity, if the defendant or the prosecuting attorney so requests, to controvert or supplement them. The court shall amend or order the amendment of the report upon finding that any correction, modification, or addition is needed and, where appropriate, shall require the prompt preparation of an amended report in which material required to be deleted is completely removed or other amendments, including additions, are made.

The plain language of HRS § 706-604(2) requires the court to furnish a copy of the PSI "to the defendant or the defendant's counsel[.]" (Emphasis added.) Carreira does not dispute that his trial counsel received a copy of the PSI when it was filed, and, indeed, prior to the sentencing hearing, Carreira filed a sentencing memorandum indicating that at least his counsel had reviewed the PSI. Carreira asserts that the Circuit Court failed to establish that Carreira himself was given an opportunity by his counsel to review the PSI, but he cites no authority requiring the court to take such an action in these circumstances. We have found none. Cf. State v. Phua, 135 Hawaiʻi 504, 517 n.21, 353 P.3d 1046, 1059 n.21 (2015) ("When a defendant appears pro se at sentencing, the trial court should confirm the defendant received a copy of the PSI and had an opportunity to review it." (emphasis added)). Accordingly, we conclude that the Circuit Court did not plainly err during sentencing by not confirming that Carreira himself had been given an opportunity to review the PSI.

We further conclude that the Circuit Court did not plainly err by not asking Carreira during sentencing "if he wished to controvert or add to the [PSI]." Under HRS § 706-604(2), the court must "afford fair opportunity, if the defendant or the prosecuting attorney so requests, to controvert or supplement [the PSI]." See State v. Hussein, 122 Hawaiʻi 495, 523, 229 P.3d 313, 341 (2010) (quoting HRS § 706-604(2)); see also State v. Barrios, 139 Hawaiʻi 321, 331, 389 P.3d 916, 926 (2016) ("Thus, HRS §§ 706-602 and -604 protect defendants from unfounded facts and derogatory information by requiring notice and an opportunity to controvert the information 'if the defendant or the prosecuting attorney so requests.'" (quoting HRS § 706-604(2)) (emphasis added)). Carreira has cited no authority imposing a duty on the sentencing court to ask a defendant who is

4

represented by counsel if the defendant wishes to controvert or supplement a PSI, and we have found none.

Here, there is no dispute that Carreira's trial counsel received the PSI and that Carreira's sentencing memorandum (see supra) did not contest or seek to supplement any of the information contained in the PSI. Further, the record shows that during the sentencing hearing, the Circuit Court discussed the information contained in the PSI, *i.e.*, Carreira's criminal history and prior involvement with substance abuse rehabilitation programs, and provided Carreira with multiple opportunities to address the court. Neither Carreira nor his counsel raised any objection to the information that was discussed or indicated any desire to controvert or supplement that information or the PSI itself. As a result, there is no indication in the record and no argument made on appeal of what, if any, part of the PSI Carreira wished to controvert or supplement. On this record, the Circuit Court did not plainly err as asserted. See State v. Kong, 131 Hawaiʻi 94, 107, 315 P.3d 720, 733 (2013) (declining to exercise plain error review where the defendant or his counsel failed to "provide a good faith challenge on the record stating the bases for challenging the convictions listed in the PSI report").

For these reasons, we affirm the May 19, 2021 Judgment; Conviction and Sentence; Notice of Entry and the May 25, 2021 Amended Judgment; Conviction and Sentence; Notice of Entry, both entered in the Circuit Court of the Second Circuit.

DATED: Honolulu, Hawaiʻi, June 29, 2022.

On the briefs:

| | |
|---|---|
| John F. Parker (Law office of John F. Parker, LLC) for Defendant-Appellant. | /s/ Katherine G. Leonard Presiding Judge |
| | /s/ Clyde J. Wadsworth Associate Judge |
| Joanne S.C. Hicks, Deputy Prosecuting Attorney, County of Maui, for Plaintiff-Appellee. | /s/ Sonja M.P. McCullen Associate Judge |